Wardlaw, J.
delivered the opinion of the Court.
By agreement between the purchaser at the Master’s sale on one side, and the Master with those whom he represented on the other, the deed made in July was dated in April, with an understanding that the rent, which accrued after the date, should go to the purchaser. Bat notwithstanding this agreement, the title was not in the purchaser until the delivery of the deed. A distress made by him before that time, would have been a trespass; and the seller, even if he was a trustee for the purchaser, was nevertheless the legal owner, and had the right of distress as an incident of his estate. This manifest truth it is supposed the avowants are, by the deed of the Master, (considered to be their deed,) estopped from showing. The estoppel is urged by a stranger to the deed: and it is plain that no subsequent agreement between the parties to the deed could against a stranger give to its execution effect by relation, so as to authorize before the execution acts for w hich the deed was the legal authority; as, for instance, to authorize a distress by the purchaser before the deed was made,
*309 There is, then, no mutuality in the estoppel contended for, as there should be in every good estoppel.
But apart from this, the date is only a formal part of a deed: the deed is made when it is delivered.—See Barmon v. Jay, 2 McC. 371. It is no contradiction of the deed to show when it became a deed: and it is no violation of any agreement attending the execution of it, to show against one who was in no wise a party to that execution, the truth which prevents erroneous inferences being drawn from the form in which the agreement was carried into effect.
The motion is granted.
Richardson, J. O’Neall, J. and Evans, J. concurred.
Withers, J. absent.

Motion granted.